IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kenneth Allen Carson,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:02-cr-00813-TLW-1<br>C/A No. 4:16-cv-01398-TLW<br><br>Order |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Kenneth Allen Carson. For the reasons stated below, the petition is denied.

## I. Factual and Procedural History

Petitioner was charged in a three-defendant, five-count indictment with armed bank robbery (Count 1); using and carrying a firearm during a crime of violence (Count 2); and being a felon in possession of a firearm (Count 3). ECF No. 23. He pled guilty to all three counts, and on February 26, 2004, the Court sentenced him to 276 months on Counts 1 and 3, and 84 months consecutive on Count 2, for an aggregate sentence of 360 months incarceration, followed by concurrent 5-year terms of supervised release on each count. ECF No. 84.

He was classified as an armed career criminal under the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum fifteen-year sentence on a felon who possesses a firearm and who has three or more prior convictions for

1

committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).[1] Though the Presentence Investigation Report (PSR) does not specifically state which offenses it used to classify him as an armed career criminal, it appears that the following South Carolina convictions were counted:

(1) Failure to Stop for a Police Vehicle (PSR ¶ 50);

(2) Assault and Battery of a High and Aggravated Nature (ABHAN) (PSR ¶ 51);

(3) Burglary 2nd (PSR ¶ 52);

(4) Burglary 3rd (PSR ¶ 53); and

(5) ABHAN (PSR ¶ 55).

After judgment was entered, he filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Carson*, 164 F. App'x 433 (4th Cir. 2006).

In January 2007, Petitioner timely filed a pro se petition under 28 U.S.C. § 2255, which the Court dismissed on the merits after briefing. ECF Nos. 99, 122. He filed a direct appeal, but the Fourth Circuit dismissed the appeal for failure to prosecute. *United States v. Carson*, No. 09-6509 (4th Cir.), ECF No. 8.

In March 2016, as required by 28 U.S.C. § 2244, Petitioner filed a motion in the Fourth Circuit requesting authorization to file a successive § 2255 petition to seek resentencing in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *In re Carson*, No. 16-261 (4th Cir.), ECF No. 2. On May 3, 2016, the Fourth Circuit granted

---

[1] If he had not been classified as an armed career criminal, he would have faced a statutory maximum of ten years incarceration on Count 3. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

2

his motion. *Id.*, ECF No. 11-1. His § 2255 petition was docketed in this Court that day. ECF No. 145.

In his § 2255 petition, Petitioner seeks a full resentencing without the ACCA enhancement in light of *Johnson*. *Id.* The Government filed a response in opposition, raising numerous reasons why his petition should be denied. ECF No. 204. He then filed a reply. ECF No. 205.

This matter is now ripe for decision.

## II.  28 U.S.C. § 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III. Discussion

### (A) ACCA overview

The ACCA provides that a defendant convicted of being a felon in possession of a firearm who has at least three prior convictions for "a violent felony or a serious drug offense" faces a mandatory minimum of 15 years incarceration. 18 U.S.C. § 924(e)(1). "Violent felony" is defined as follows:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

18 U.S.C. § 924(e)(2)(B). There are three relevant parts to this definition:

(1) the force clause, which is § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another");[2]

(2) the enumerated clause, which is the first part of § 924(e)(2)(B)(ii) ("is burglary, arson, [] extortion, [or] involves use of explosives");

(3) the residual clause, which is the last part of § 924(e)(2)(B)(ii) ("otherwise involves conduct that presents a serious potential risk of physical injury

---

[2] This clause is also sometimes referred to as the elements clause.

4

to another").

(B)     Retroactivity of *Johnson* and *Mathis*

If Petitioner were before the Court today for his initial sentencing, he would not be classified as an armed career criminal under the current state of the law. None of the convictions cited above would count as ACCA predicates. *See Mathis v. United States*, 136 S. Ct. 2243, 2250–51 (2016) (concluding that Iowa burglary is categorically overbroad); *Johnson*, 135 S. Ct. at 2563 (concluding that the residual clause is unconstitutionally vague); *United States v. Hall*, 684 F. App'x 333, 335–36 (4th Cir. 2017) (applying *Mathis* to conclude that South Carolina burglary is categorically overbroad); *United States v. Hemingway*, 734 F.3d 323, 335 (4th Cir. 2013) (concluding that ABHAN is categorically overbroad).

However, in order for Petitioner to receive the benefit of these cases in his fifteen-year-old case, they must be retroactively applicable on collateral review. While the Supreme Court's retroactivity framework is stated in a straight-forward manner, it is not always easy to implement:

> Under the *Teague* [*v. Lane*, 489 U.S. 288 (1989)] framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review. A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*Whorton v. Bockting*, 549 U.S. 406, 416 (2007). A new rule "breaks new ground," "imposes a new obligation on the States or the Federal Government," or is otherwise not "*dictated* by precedent existing at the time the defendant's conviction became

5

final." *Teague*, 489 U.S. at 301 (emphasis in original). *Mathis*, the Supreme Court concluded, did none of these.

*Mathis* is one of the Supreme Court's latest entries in a long line of cases attempting to clarify the application of the categorical and modified categorical approaches to deciding when a prior conviction is properly counted as a predicate offense. As the Supreme Court explained, *Mathis* did not announce a new rule and instead reaffirmed the approach going back at least twenty-five years, from *Taylor v. United States*, 495 U.S. 575 (1990), through *Shepard v. United States*, 544 U.S. 13 (2005), *Descamps v. United States*, 570 U.S. 254 (2013), and others. *See Mathis*, 136 S. Ct. at 2247–49 (explaining the history and application of the categorical and modified categorical approaches). Thus, the Court concludes that *Mathis* announced an old rule, which is applicable on collateral review pursuant to *Whorton* and *Teague*.

Regarding *Johnson*, the Supreme Court has explicitly held that it is a new substantive rule that applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). In light of *Welch*, defendants sentenced pre- or post-*Johnson* get the benefit of that decision.

For these reasons, the Court concludes that *Johnson* and *Mathis* apply retroactively on collateral review.

### (C) Statute of limitations

Because Petitioner's case became final in 2006, this petition would be subject to being dismissed as untimely unless he can restart the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). The only potentially applicable subsection

6

is (f)(3), which provides that the one-year limitations periods runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The statute of limitations analysis is different for different issues in this petition.

As to Count 3, the right asserted—that because the ACCA's residual clause is unconstitutionally vague, an ACCA sentence is unlawful and requires resentencing unless the defendant had at least three predicate convictions that were not counted under the residual clause—was a right newly recognized in *Johnson*. There is no dispute that Petitioner filed this petition within a year of that decision. There is also no dispute that the right recognized in *Johnson* is retroactively applicable on collateral review, per *Welch*. In light of that, the Court concludes that, to the extent Petitioner seeks to be resentenced on Count 3 to no more than the current statutory maximum of ten years, § 2255(f) does not bar that relief.

However, avoiding the statute of limitations on one aspect of a petition does not mean that the entire petition is free of § 2255(f)'s constraints. Subsection (f)(3) restarts the statute of limitations only if the Supreme Court itself has recognized the new right being asserted; a lower court cannot "recognize" a new right for purposes of § 2255(f)(3). *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017). Petitioner asks this Court to do the same thing that the *Brown* petitioner asked—"to extrapolate a recognized right from [*United States v.*] *Booker*, [543 U.S. 220 (2005)], *Johnson*, and *Beckles* [*v. United States*, 137 S. Ct. 886 (2017)], read together." *Brown*, 868

7

F.3d at 300. The Fourth Circuit concluded that it did not have the authority to recognize such a right. *See id.* at 301. By that same reasoning, neither does this Court.

Petitioner is in an unusual situation where his then-mandatory guideline range was driven by a now-invalid ACCA designation. As noted above, based on the current state of the law, his sentence on the felon in possession count exceeds the ten-year statutory maximum. But while his sentence exceeds the statutory maximum on the felon in possession count, that does not mean that he is entitled to a full resentencing with an entirely new guideline calculation. Though his guideline calculation may be different if he were sentenced today, the Supreme Court has not recognized the particular right that would entitle him to relief. That is, the right to be resentenced on all counts of conviction when a then-mandatory guideline calculation applicable to all counts was driven by a now-invalid ACCA designation. As the Fourth Circuit noted in *Brown*, the Supreme Court may one day recognize such a right, but it has not yet done so. *See id.* at 303. Because the Supreme Court has not recognized the right necessary for Petitioner to be entitled to the full relief he seeks—resentencing on all counts—his petition is untimely to the extent he seeks resentencing on Counts 1 and 2.

### (D) Successive petition

Although the Court concludes that § 2255(f) does not bar Petitioner from obtaining relief on Count 3, because he has filed a prior § 2255 petition, the Court must make the threshold determination of whether it has jurisdiction to consider that

claim. *See, e.g., United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("When the application is thereafter submitted to the district court, that court must examine each claim and dismiss those that are barred under § 2244(b) or [§ 2255(h)].").

Under 28 U.S.C. § 2244(b)(2)(A), the Court must dismiss any claim that does not "rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Because there is no dispute that *Johnson* is such a new rule, the only question is whether Petitioner's claim "relies on" *Johnson*.

The Fourth Circuit has held that a Court may consider a claim in a successive petition when the petitioner's sentence "*may* have been predicated on application of the now-void residual clause." *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) (emphasis added). Because Petitioner's ACCA designation on Count 3 may have been predicated on the residual clause, and for the reasons set forth in more detail by this Court in *Graham v. United States*, 276 F. Supp. 3d 509, 513–15 (D.S.C. 2017), the Court concludes that it has jurisdiction to consider his claim that he is serving an illegal sentence on Count 3. That is so because that claim "relies on" *Johnson*, which is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A).

(E) Concurrent sentence doctrine

The Government asserts that Petitioner is not entitled to resentencing pursuant to the concurrent sentence doctrine.

Long after the parties completed their briefing in this case, the Fourth Circuit decided *United States v. Charles*, 932 F.3d 153 (4th Cir. 2019), which upheld the district court's application of the concurrent sentence doctrine in a virtually identical scenario. There, the defendant was convicted of a drug charge and of being a felon in possession of a firearm. *Charles*, 932 F.3d at 155. He was classified as an armed career criminal and was sentenced on each count to 360 months incarceration, followed by 10 years of supervised release on the drug charge and 3 years of supervised release on the gun charge, all to run concurrently. *Id.* Post-*Johnson*, he filed a § 2255 petition challenging his ACCA designation, but the district court applied the concurrent sentence doctrine and declined to review his ACCA sentence, concluding that "leaving the firearm sentence unreviewed would cause [the defendant] no realistic potential adverse collateral consequence." *Id.*

On appeal, the Fourth Circuit first summarized the concurrent sentence doctrine as follows:

> The "concurrent sentence doctrine" authorizes a court to leave the validity of one concurrent sentence unreviewed when another is valid and carries the same or greater duration of punishment so long as there is *no substantial possibility* that the unreviewed sentence will adversely affect the defendant or, stated otherwise, so long as it can be foreseen *with reasonable certainty* that the defendant will suffer no adverse collateral consequences by leaving it unreviewed.

*Id.* (emphasis in original). The defendant argued that the concurrent sentence doctrine was not applicable because leaving his ACCA sentence in place carried potential collateral consequences. *Id.* at 157. Specifically, he argued that if he violated the terms of his supervised release, he would be subject to a maximum revocation sentence of ten years (five years each on the drug charge and the ACCA-

enhanced gun charge, as both were Class A felonies), but that without the ACCA designation, his maximum revocation sentence would be seven years (five years on the drug charge as a Class A felony, plus two years on the non-ACCA-enhanced gun charge as a Class C felony). *Id.* The Fourth Circuit found that this hypothetical scenario was "highly speculative and unrealistic" and was "entirely within his ability to avoid" because it "could only arise if he were to choose to violate the terms of his supervised release." *Id.* at 161. Thus, the Fourth Circuit ultimately concluded that the district court did not abuse its discretion in declining to review the defendant's ACCA sentence. *Id.* at 162.

Petitioner raises the same argument that the defendant raised in *Charles*—that one potential adverse collateral consequence of relying on the concurrent sentence doctrine to let his ACCA designation stand is that it could impact any future supervised release revocation. As alluded to above, an offense with a potential life sentence, such as an ACCA-enhanced felon in possession conviction, is a Class A felony that carries the possibility of a five-year revocation sentence. *See* 18 U.S.C. § 3559(a)(1); 18 U.S.C. § 3583(e)(3). However, an offense that carries a ten-year statutory maximum, such as a non-ACCA-enhanced felon in possession conviction, is a Class C felony that only carries the possibility of a two-year revocation sentence. 18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(e)(3).

In light of *Charles*, the Court recognizes that it has discretion pursuant to the concurrent sentence doctrine to decline to review Petitioner's ACCA designation. In considering this issue, the Court notes that a scenario where a ruling on this issue

11

would have an impact is even more speculative and unrealistic in this case than it was in *Charles*. There, the defendant was convicted of two charges—a drug charge and felon in possession—and would therefore face a maximum revocation sentence of ten years (five years on each count) if he were not resentenced, but only seven years (five years on the drug charge and two years on the gun charge) if he were resentenced. *Charles*, 932 F.3d at 157. Here, Petitioner was convicted of three charges—armed bank robbery, using and carrying a firearm in furtherance of a crime of violence, and felon in possession. Thus, as his sentence stands today, he would face a maximum revocation sentence of fifteen years (five years on each count), but if he were resentenced, he would be facing twelve years (five years each on the robbery and § 924(c), and two years on the felon in possession). The Court cannot recall a case in its eighteen years on the district bench where it imposed a revocation sentence of even twelve years, let alone fifteen years, by imposing revocation sentences consecutively. A scenario where the Court would determine that a revocation proceeding demanded a sentence of more than twelve years is "highly speculative and unrealistic." *Id.* at 161. Thus, the Court concludes that it is appropriate to apply the concurrent sentence doctrine here and therefore declines to rule on Petitioner's ACCA challenge.

(F) **Government's other arguments**

The Government has raised other arguments as to why Petitioner is not entitled to resentencing, but all of those arguments relate to his arguments regarding

12

the guidelines, not the statutorily-driven sentence on Count 3.[3] Because he is not entitled to relief on Counts 1 and 2 pursuant to § 2255(f) and in light of the Court's application of the concurrent sentence doctrine, it is not necessary for the Court to rule on the other arguments raised by the Government, and the Court declines to do so.

## IV. Conclusion

For these reasons, Petitioner's petition for relief pursuant to § 2255, ECF No. 145, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed these petitions in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in these petitions. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

---

[3] Specifically, the Government asserts that the relief sought is not retroactive under *Teague*, that he has procedurally defaulted his claim, and that mandatory guidelines are not subject to a vagueness challenge.

**IT IS SO ORDERED.**[4]

                                            *s/ Terry L. Wooten*
                                            Terry L. Wooten
                                            Senior United States District Judge

September 10, 2019
Columbia, South Carolina

---

[4] In light of this ruling, the Court terminates as **MOOT** the remaining outstanding motions in this case, ECF Nos. 138, 201, 229.